JAMES W. HUGHES CORPORATION, Respondent, v. ANNADALE GARDENS, INC., Appellant, and Others, Defendants.— Action to foreclose a mortgage. Defendant Annadale Gardens, Inc., appeals (1) from an order dated December 1, 1939, which confirmed the report of a referee appointed to sell and referred the question of value of the mortgaged premises to an official referee; (2) from an order confirming the report of the official referee, which recommended a deficiency judgment of $15,000 in favor of plaintiff; and (3) from the judgment entered thereon. Order confirming the report of the official referee and judgment entered thereon reversed on the law and the facts, with costs, and motion to confirm the report and for leave to enter deficiency judgment denied, with ten dollars costs. The conflict in the evidence involved opinions rather than basic facts. The credible evidence in the record did not warrant fixing a value on the tract of less than $162,000, which valuation precludes the entry of a deficiency judgment. Order dated December 1, 1939, affirmed, without costs. No opinion. Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur.

In the Matter of the Petition of LILIE HOROWITZ for the Dissolution of the LUBRIGHT SERVICE STATIONS, INC. RUSSELL H. ROBBINS, as Permanent Receiver of LUBRIGHT SERVICE STATIONS, INC., Respondent, v. HARRY GERSHMAN, Appellant.— In a proceeding under section 170 of the General Corporation Law, order directing appellant to turn over to the permanent receiver of the corporation certain moneys alleged to be wrongfully withheld by him reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, without prejudice to the receiver making a new application in accordance with the provisions of the statute. Before an order may be made directing a respondent in a proceeding under section 170 of the General Corporation Law to deliver forthwith to the receiver property allegedly wrongfully concealed or withheld, the court should direct the respondent to appear before the court or referee and submit to an examination concerning the facts recited in the petition. In the instant proceeding this was not done and appellant's examination before the referee, where he was examined as a witness in a proceeding under section 103 of the General Corporation Law, may not be substituted for the examination required by section 170 of that law. Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur.

In the Matter of the Petition of CARRIE B. QUIGLY, to Have a Certain Instrument in Writing Bearing Date May 12, 1939, Relating to Both Real and Personal Property, Proved as the Last Will and Testament of WILLIAM J. QUIGLY, Deceased. CARRIE B. QUIGLY, as Executrix Named in the Last Will and Testament of WILLIAM J. QUIGLY, Deceased, Respondent; DOROTHY QUIGLY, Appellant.— Decree of the Surrogate's Court of Westchester County admitting will to probate, in so far as appealed from, unanimously affirmed, with costs to respondent, payable out of the estate. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ. °

FREDERICK H. LANDOLT and LILLY S. LANDOLT, MINNIE BELTZ and RICHARD BELTZ and WILLIAM ROTHMAN, Appellants, v. TITLE GUARANTEE AND TRUST COMPANY, Respondent.— In an action brought to recover the purchase price of mortgage certificates purchased by plaintiffs from the defendant, the action being based upon an election to rescind on the ground of fraud, judgment entered upon a jury's verdict in favor of defendant, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.